UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RANDALL EARL HARRIS, SR.

   Plaintiff,

v.                                                    Case No. 22-cv-1220

DENISE BONNETT, *et al.*,

   Defendants.

## ORDER

Plaintiff Randall Earl Harris, Sr., who is incarcerated at Oakhill Correctional Institution and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 15.) Harris was allowed to proceed on an Eighth Amendment claim against the defendants because they allegedly failed to place him on a lower housing tier, ignoring his medical condition, which caused him to fall. The defendants filed a motion for summary judgment on the grounds that Harris failed to exhaust his administrative remedies. (ECF No. 37.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 6, 25, 64.) The motion is ready for a decision. For the reasons stated below, the court grants the defendants' motion for summary judgment on exhaustion grounds.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

# EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Standard*

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

Wisconsin's procedures for inmates exhausting administrative remedies are contained in Wis. Admin. Code Ch. DOC 310 (2018). "The purpose of this chapter is to afford inmates in institutions a process by which grievances may be expeditiously raised, investigated, and decided." Wis. Admin Code § DOC 310.01(1). The Inmate Complaint Review System (ICRS) is the main process an inmate must use to bring a grievance to the attention of the institution. Wis. Admin Code § DOC 310.04. Before

3

filing a formal written inmate complaint, "an inmate shall attempt to resolve the issue by following the designated process specific to the subject of the complaint." Wis. Admin Code § DOC 301.07(1). An inmate must file a formal written inmate complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code § DOC 310.07(2). The complaint must clearly identify the issue the inmate seeks to complain about. Wis. Admin. Code § DOC 310.07(5).

Once an inmate files a complaint, the institution complaint examiner (ICE) may either accept, reject, or return the complaint. Wis. Admin. Code § DOC 310.10(2). A complaint may be rejected for any of the nine reasons stated in Wis. Admin. Code § DOC 310.10(6)(a)-(i). An inmate may appeal a rejected complaint to the appropriate reviewing authority within 10 days. Wis. Admin. Code § DOC 310.10(10). A complaint may be returned within 10 days of receipt if it fails to meet filing requirements, including failing to informally resolve the issue prior to filing a formal grievance. Wis. Admin. Code § DOC 310.10(5). An inmate has 10 days to correct the deficiencies and then can resubmit the formal grievance. Wis. Admin. Code § DOC 310.10(5).

Once the ICE accepts the complaint, the ICE makes a recommendation to the reviewing authority. Wis. Admin. Code § DOC 310.10(12). The reviewing authority has 15 days after receiving the recommendation to either affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(1)-(2). Within 14 days after the date of the reviewing authority's decision, an inmate may appeal the reviewing authority's decision to the Corrections Complaint Examiner (CCE). Wis.

4

Admin. Code § DOC 310.12(1). Appeals may not exceed 500 words and may not exceed two pages. Wis. Admin. Code § DOC 310.09(2)(e).

The CCE then has 45 days in which to make a recommendation to the Office of the Secretary of the DOC or to notify the inmate that more time is needed. Wis. Admin. Code § DOC 310.12(9). The CCE "may recommend rejection of an appeal not filed in accordance with § DOC 310.09." Wis. Admin. Code. § DOC 310.12(5). The Secretary then has 45 days in which to make a decision following receipt of the CCE's recommendation. Wis. Admin. Code § DOC 310.13(1). If an inmate does not receive a decision from the Secretary within 90 days of receipt of the appeal in the CCE's office, he may consider his administrative remedies exhausted. Wis. Admin. Code § DOC 310.13(4).

*Harris's Claims*

On July 21, 2022, while he was incarcerated at Dodge Correctional Institution, Harris asserts he was placed on the second floor of a housing unit despite the fact that the defendants knew he had a knee issue and should have had a low tier restriction. (ECF No. 15 at 2.) On September 8, 2022, Harris fell using the stairs in his housing unit. (*Id.* at 3.) He alleges he did not receive proper medical attention for his injuries.

*Analysis*

It is undisputed that Harris did not file an inmate complaint while at Dodge Correctional Institution. (ECF No. 39, ¶ 9.) Harris states he could not file an inmate complaint because he was trying to get the names of five officers so he could

5

Case 2:22-cv-01220-SCD    Filed 05/24/24    Page 5 of 9    Document 68

informally resolve his grievance. (ECF No. 57 at 1.) Those five officers are the ones who dealt with him after the fall. (*Id.*)

The Seventh Circuit Court of Appeals "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018). However, "[t]he exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011).

An inmate can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018). An inmate can show that a grievance process was unavailable when "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use of the grievance process," but these are "only examples, not a closed list." *Id.* (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)).

Harris attempts to argue that the grievance process was unavailable to him because he could not get the necessary information to informally resolve his grievance, so he could then not file a written grievance. However, the information he sought had nothing to do with the claims against the defendants in this case. The fact that he could not get the five names of the officers that handled his fall does not explain why he was unable to file a grievance about being placed on the second floor or about the inadequate medical care he received.

Harris's proof that he needed to informally resolve the grievance, a return letter he submitted with his response materials, also does not demonstrate that the grievance process was unavailable. In the example Harris provided, the letter returning the grievance specifically states who he needed to talk to before filing a written grievance and gave him a deadline by which to do so. (ECF No. 58 at 3.) Harris, then, could have attempted to file a written grievance even knowing that it could have potentially been returned because he would have gotten more guidance on how to properly exhaust his administrative remedies.

Additionally, the grievance process allows for late-written grievances as long as the grievance demonstrates good cause for its tardiness. Wis. Admin. Code § DOC 310.07(2). Thus, Harris was required to file his grievance "as soon as it was reasonably possible for him to do so." *Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011). In other words, Harris still could have filed his grievance after he finally got the information he needed to attempt to informally resolve the issue and simply explained in the grievance why it was filed late.

7

Harris also could have filed the grievance without knowing all the details of his issue. He need not include all the "facts, articulate legal theories, or demand particular relief", and he need not name each individual involved as long as the grievance "objected intelligibly to some asserted shortcoming." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). The fact that Harris chose not to take any of these paths does not render the process unavailable to him. Because Harris did not exhaust his administrative remedies as to his claims, summary judgment is granted in favor of the defendants.

## CONCLUSION

For the reasons stated above, Harris failed to demonstrate that he exhausted his administrative remedies for his claims. Therefore, his case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment on exhaustion grounds (ECF No. 37) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely

requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 24th day of May, 2024.

STEPHEN DRIES
United States Magistrate Judge